H. Dickson Burton (4004)
HDBurton@traskbritt.com
Krista Weber Powell (8019)
kwpowell@traskbritt.com
Bailey M. Ziegler (15780)
bmziegler@traskbritt.com
**TRASKBRITT, PC**
230 South 500 East # 300
Salt Lake City, Utah 84102
Telephone: (801) 532-1922
Facsimile: (801) 531-9168

*Attorneys for Plaintiff, Purple Innovation, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PURPLE INNOVATION, LLC a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>LAYLA SLEEP, INC., a Delaware corporation,<br><br>    Defendant. | **COMPLAINT FOR TRADE DRESS AND DESIGN PATENT INFRINGMENT**<br><br>**Case No.: 2:18-CV-00526-DBP**<br><br>**Magistrate Judge Dustin B. Pead**<br><br>**JURY DEMAND** |

Plaintiff Purple Innovation, LLC ("Purple") hereby complains and alleges against Defendant Layla Sleep, Inc. ("Layla" or "Defendant") as follows:

## PARTIES

1. Plaintiff Purple is a Delaware limited liability company with a principal place of business at 123 East 200 North Alpine, Utah 84004.

2.  Upon information and belief, Defendant Layla is a Delaware limited liability company with a principal place of business at 842 Boggs Ave, Suite K, Fremont, California 94539.

## NATURE OF THE ACTION

3. This is an action for trade dress infringement, false designation of origin and unfair competition arising under the laws of the United States, 15 U.S.C. § 1051 *et seq.*, including 15 U.S.C. § 1114 and § 1125(a), for unfair competition arising under Utah Code Ann. § 13-5(a)-103, and for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. § 271 and/or 35 U.S.C. § 289.

4. On information and belief, Defendant has copied, infringed, and continues to infringe the trade dress associated with Purple's website.

5. On information and belief, Defendant has infringed and continues to infringe, and/or actively induces others to infringe Purple's U.S. Design Patent D799,858 (the "'858 Patent") (hereinafter "the Asserted Patent").

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

7. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the State law claims asserted because these claims are so related to claims in this action within the Court's original jurisdiction that they form part of the same case or controversy.

8. This Court has personal jurisdiction over Defendant Layla because, on information and belief, Layla does and has done substantial business in this judicial District,

including: (i) committing acts of trade dress infringement; (ii) intentionally copying Purple's website knowing that Purple's business is primarily located in Utah; (iii) regularly conducting business in this State and judicial District; (iv) directing advertising to or soliciting business from persons residing in this State and judicial District; (v) committing acts of patent infringement; and (vi) engaging in other persistent courses of conduct, and/or deriving substantial revenue from infringing products and/or services provided to persons in this District and State.

9. Further, the injuries complained of occurred in this district, forming another basis for jurisdiction.

10. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400, including because Purple and Layla a substantial part of the events giving rise to the claims stated herein have occurred in this district. Venue is also proper, as necessary, under the doctrine of pendent venue.

**PURPLE'S INTELLECTUAL PROPERTY**

11. Plaintiff Purple is a leading innovator and manufacturer of various high quality cushioned products. For example, Purple designs, develops, manufactures, and markets various high quality mattresses, seat cushions, pillows and related accessories.

12. Purple has been a leader and pioneer in the mattress-in-a-box industry and owns the website www.purple.com ("The Purple Website").

13. Purple heavily promotes its products on the Internet and has invested significantly in original, memorable videos and advertisements to associate the color purple and word "purple" with its products and website. As a result of its significant investment and marketing,

Purple has developed a website with a trade dress that has come to be known and recognized by consumers as originating from Purple.

14. Purple has invested substantial effort to establish a distinctive trade dress in the look and feel of its website and to create an association between Purple and the appearance of its website in the purchasing public's mind in the online marketplace for mattresses. Purple has used a unique and readily identifiable combination of trade dress features on its website including 1) a primarily purple color scheme with aquamarine accents, purple text and icons on white background, white text on purple background, and purple icons on grey background, 2) horizontal banners acting as webpage demarcation blocks having purple backgrounds with white text, 3) horizontal banners having a purple color scheme and including icons such as trial period, free shipping and return, manufacturing location, and warranty in a single row of four icons, 4) exploded view of a mattress with descriptive icons describing mattress features and layers, 5) a current offer bar at top of home page, and 6) a purple logo in top left hand corner of the web page.

15. Purple is the owner of the '858 Patent, which issued October 17, 2017. The '858 Patent is directed to a Mattress Cushion including a checkered-diamond pattern covering the top surface and extending at least partially onto each of the side surfaces thereof. The remainder of the mattress lacks such a pattern. The boundary between the patterned portion and the non-patterned portion is non-linear including curved portions on the side surfaces.

16. As a result of its innovative and distinctive design, the Purple products were an instant success and immediately became uniquely associated with Purple as its source.

## Purple Trade Dress

17.     Purple's website is a critical aspect of its business and sales model. Purple designed the website and mattress packaging with a primarily purple color scheme with aquamarine accents, purple text and icons on white background, white text on purple background, and purple icons on grey background.

18.     Because Purple is an innovative technology company, Purple's business relies on its revolutionary and patented technology. Thus, the Purple Website shows exploded views of a mattress with descriptive icons describing mattress features and layers which forms part of Purple's Trade Dress.

19.     Each of the elements of the configuration of the Purple Website is distinctive and serves to identify Purple as the source of the Purple's products.  Moreover, none of these elements is functional.

## Trade Dress at Issue

20.     The following non-functional design elements of the Purple Website comprise the trade dress at issue in this case (hereinafter, "the Purple Trade Dress"):

   a. A primarily purple color scheme with aquamarine accents, purple text and icons on white background, white text on purple background, and purple icons on grey background;

   b. Horizontal banners acting as webpage demarcation blocks having purple backgrounds with white text;

    c. Horizontal banners having a purple color scheme and including icons such as trial period, free shipping and return, manufacturing location, and warranty in a single row of four icons;

    d. Exploded view of a mattress with descriptive icons describing mattress features and layers;

    e. A current offer bar at top of home page; and

    f. A purple logo in top left hand corner of the web page.

  21. Purple has made significant investments of time and money to build, advertise, promote, and otherwise cultivate the appeal of and the goodwill in the Purple Trade Dress.

  22. Since the time Purple Products were introduced into the market, the sales of the Purple products, such as mattresses, have soared.  Over time, sales of Purple products from the Purple Website has steadily increased.  Accordingly, Purple's Trade Dress has increased Purple's share of the mattress-in-a-box industry market and the Purple Trade Dress has acquired strong secondary meaning.

  23. The Purple Trade Dress identifies Purple's products as those of Purple exclusively and distinguish the Purple products from those of its competitors.  The distinctive Purple Trade Dress is widely well-known to customers and symbolizes the goodwill that Purple has created by offering these products to consumers.

### Purple's Trademarks

  24. For about three years, Purple has been active in, and remains active in, the business of production and sales of cushioned products such as mattresses, cushions, pillows and related accessories.

25. For about three years, Purple has continuously used the color "purple" and the word "purple" as a trademark in commerce on cushioned products including mattresses, seat cushions and pillows.

### Purple's Patent Rights

26. Purple has protected its innovative designs and innovations through a broad range of intellectual property rights. Among those rights, is the '858 Patent. The '858 Patent issued on October 17, 2017 and is titled "Mattress Cushion." The '858 Patent remains valid. Purple is the owner by assignment of the '858 Patent. A copy of the '858 Patent is appended hereto as Exhibit A.

27. The '858 Patent is directed to an ornamental design for a mattress cushion including a checkered-diamond pattern covering the top surface and extending at least partially onto each of the side surfaces thereof.

### DEFENDANT'S INFRINGEMENT

28. Layla has sold in the United States, at least the Layla Mattress (available on the Internet at https://laylasleep.com/product/layla-mattress, (referred to hereinafter as "the Infringing Products"), which infringes one or more of Purple's intellectual property rights.

29. On information and belief, Defendant Layla operates and maintains a website at www.laylasleep.com (hereinafter "Layla's Website"), where Layla's products, including at least the Infringing Products, are marketed and sold to at least U.S. consumers via Layla's Website.

### Infringement of Purple's Trade Dress

30. On information and belief, Defendant Layla launched a website in approximately July 2015 and, at that time, the website had a blue theme.

31.     In mid-2015, Purple began promoting its cushioned products online through social media strongly associating the color purple. Purple also launched a successful kickstarter campaign in September 2015 which associated its mattresses with the color purple and word mark.

32.     Purple's first mattress video went viral with receiving over 70 million views. Within the first year of business, Purple's workforce grew by ten-fold. In the first ten months, Purple's videos, have had 150,000,000 total views across Facebook and YouTube. Purple's first kickstarter campaign raised nearly $175,000. The second kickstarter campaign exceeded two million dollars.

33.     In 2018, Purple became aware that Layla's Website was confusingly similar to the Purple Website.

34.     For example, on Purple's Website, the Purple logo is in the top, left hand corner of the site, a current offer banner is at the top of page and the page includes a purple and white color scheme with aquamarine accents. Layla's Website includes substantially similar, if not identical elements.





35.     The Purple Website features an exploded view of its mattress which graphic was duplicated on the Layla Website.



36.     Defendant is infringing Purple's Trade Dress and has copied the Purple Website in order to confuse consumers, trade on Purple's goodwill and to gain the business at the expense of Purple.

37.     Defendant's conduct and the resulting consumer confusion has resulted in loss of sales and damage to Purple's goodwill and reputation.

9

38. On information and belief, Defendant Layla knows, should know, or is willfully blind to the fact that the Infringing Products infringe Purple's Trade Dress.

## Infringement of the '858 Patent

39. In addition to its Trade Dress, Purple has sought protection for its innovations, which has resulted in numerous issued patents, including the Asserted Patent.

40. On information and belief, Defendant manufactures and sells at least the Layla Mattress that includes a checkered-diamond pattern covering the top surface of the mattress and extending onto the side surfaces of the mattress. An image of the Layla Mattress illustrated in Layla's website is reproduced below:



True and correct copies of pages from Layla's Website are contained in Exhibit B, attached hereto.

41.     On information and belief, Defendant Layla knows, should know, or is willfully blind to the fact that the Infringing Products infringe the claims of the Asserted Patent.

## COUNT ONE

**(Trade Dress Infringement, False Designation of Origin – Lanham Act Section 43(a); 15 U.S.C. § 1125(a))**

42.     Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

43.     Purple is the owner of all right and title to the distinctive Purple Trade Dress. The Purple Trade Dress, as embodied in the website, has acquired secondary meaning, and is not functional.

44.     The Purple Trade Dress has acquired distinctiveness and enjoys secondary meaning among consumers, identifying Purple as the source of these Purple Products through Purple's extensive and consistent advertising and marketing efforts, promotion and sales throughout the United States.

45.     Purple's extensive promotion of the distinctive Purple Trade Dress has resulted in Purple's acquisition of valuable, legally protected rights in the Purple Trade Dress as well as considerable consumer goodwill.

46.     Purple's Trade Dress has acquired secondary meaning as a result of Purple's extensive use, advertising, and sales across the United States, including on the Internet long prior to Defendant's use.

47.     The Trade Dress of the Purple Website serves a source-identifying role.

48.     The Trade Dress of the Purple Website is non-functional.

49. The Layla Website has misappropriated the Purple Trade Dress by mimicking a combination of several elements of the Purple Trade Dress.

50. Defendant's unauthorized use of confusingly similar imitations of the Purple Website is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's commercial activities, including its promotional activities and advertisements accessible through Defendant's stores, website, and other media content, are associated or connected with Purple, or have the sponsorship, endorsement, or approval of Purple.

51. Layla's manufacture and distribution of the mattresses from the Layla Website with pages features that mimic a combination of several elements of the Purple Trade Dress enables Layla to benefit unfairly from Purple's reputation and success, thereby giving Layla sales and commercial value they would not have otherwise.

52. Defendant's activities and infringing products violate 15 U.S.C. § 1125(a), and unless enjoined by this Court, Defendant's activities have caused or will cause a likelihood of confusion and deception to members of the trade and public and, additionally, injury to Purple's goodwill and reputations as symbolized by Purple's Trade Dress, for which Purple has no adequate remedy at law.

53. Defendant's actions demonstrate an intentional, willful, and malicious intent to infringe Purple's Trade Dress, to the great and irreparable injury of Purple.

54. Upon information and belief, Defendant knew of Purple's Trade Dress when it designed the Infringing Products. Accordingly, Defendant's infringement has been, and continues to be, intentional, willful, and without regard to Purple's Trade Dress.

55. Defendant's conduct is likely to cause substantial injury to the public and to Purple. Defendant's conduct will continue to damage Purple's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is preliminarily and permanently enjoined by this Court. Accordingly, pursuant to 15 U.S.C. §§ 1116, 1117, and 1125(a), Purple is entitled to injunctive relief, costs, damages, and Defendant's profits. In light of the egregious and exceptional nature of Defendant's conduct, Purple is further entitled to reasonable attorneys' fees, trebling of any damages awards, and enhancement of any award of Defendant's profits.

### COUNT TWO

### (Common Law Trade Dress Infringement)

56. Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

57. Purple has prior rights in Purple's Trade Dress based, at least on its prior and continuous use of the Purple Trade Dress throughout the United States.

58. Purple used the Purple Trade Dress long before Defendant's first use of the confusingly similar Layla Website.

59. Layla's use of Purple's Trade Dress enables Layla to benefit unfairly from Purple's reputation and success, thereby giving Layla's Infringing Products sales and commercial value that would not have otherwise.

60. Upon information and believe, prior to Layla's first use of the infringing trade dress, Layla was aware of Purple's business and the Purple Trade Dress.

61. Layla's unauthorized use of the Purple Trade Dress is likely, if not certain, to device or cause confusion or mistake among consumers as to the origin, sponsorship, or approval

of the products sold son the Layla Website and/or cause confusion or mistake as to any affiliation, connection, or association between Purple and Layla.

62. Purple is informed and believes, and on that basis alleges, that Layla's infringement of the Purple Trade Dress has been and continues to be intentional, willful, and without regard to Purple's rights.

63. Purple is informed and believes, and on that basis alleges, that Layla has gained profits by virtues of its infringement of the Purple Trade Dress.

64. Purple will suffer and is suffering irreparable harm from Layla's infringement of the Purple Trade Dress insofar as Purple's goodwill is being eroded by Layla's continuing infringement. Purple has no adequate remedy at law to compensate it for the loss of business reputation, customers, market position, confusion of potential customers, and goodwill flowing from the Layla's infringing activities. Purple is entitled to an injunction against Layla's continuing infringement of Purple's Trade Dress. Unless enjoined, Layla will continue its infringing conduct.

## COUNT THREE

### (Unfair Competition)

65. Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

66. Purple is the owner of valuable trade dress rights, including the Purple Trade Dress.

67. Purple is informed and believes that Defendant has engaged in unlawful, unfair, and/or fraudulent activities, namely unlawful infringement of the Purple Trade Dress.

68. Defendant's infringement of Purple's Trade Dress has resulted in the material diminution in the value of Purple's Trade Dress.

69. Pursuant to Utah Code Ann. § 13-5(a)-103, Purple is entitled to actual damages, its costs and attorneys' fees, and punitive damages.

70. Purple will suffer and is suffering irreparable harm from Layla's conduct insofar as Purple's goodwill is being eroded by Layla's continuing infringement. Purple has no adequate remedy at law to compensate it for the loss of business reputation, customers, market position, confusion of potential customers, and goodwill flowing from the Layla's infringing activities. Purple is entitled to an injunction against Layla's continuing infringement of Purple's Trade Dress. Unless enjoined, Layla will continue its infringing conduct.

## COUNT SIX

**(Infringement Of The '858 Patent– 35 U.S.C. §§ 271 *et seq*.)**

71. Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

72. On information and belief, Defendant has had actual notice of the '858 Patent and/or constructive notice of the '858 Patent pursuant to 35 U.S.C. § 287.

73. On information and belief, Defendant has infringed and continues to infringe the claim of the '858 Patent by developing, making, using, offering to sell, selling, and/or importing, in this District and elsewhere in the United States, infringing mattresses, such as the Layla Mattress.

74. Defendant's actions constitute infringement, either literal or under the doctrine of equivalents, and/or active inducement of at least the claim of the '858 Patent in violation of 35 U.S.C. § 271.

75. For example, at least the Layla Mattress includes a checkered-diamond pattern covering the top surface and extending at least partially onto each of the side surfaces thereof, as claimed in the '858 Patent and as illustrated in, for example, FIG. 1 through FIG. 6 of the '858 Patent. The design of the Layla Mattress is such that, in the eye of the ordinary observer, the Lalya Mattress is substantially the same as the claim of the '858 Patent. A true and correct copy of the '858 Patent is appended hereto as Exhibit A.

76. Purple has sustained damages and will continue to sustain damages as a result of Defendant's aforesaid acts of infringement.

77. Purple is entitled to recover damages sustained as a result of Defendant's wrongful acts in an amount to be proven at trial.

78. Defendant's infringement of Purple's rights under the claim of the '858 Patent will continue to damage Purple's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is preliminarily and permanently enjoined by this Court.

79. Upon information and belief, Defendant has willfully infringed the claim of the '858 Patent, entitling Purple to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Purple asks this Court to enter judgment in its favor and against Defendant under at least 15 U.S.C. § 1114 and § 1125(a), the common law, and/or under 35 U.S.C. § 281, and grant the following relief:

A.   An adjudication that Defendant has committed acts of unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a), common law trade dress infringement, under 15 U.S.C. § 1114, and/or acts of unfair competition under Utah common law and Utah Code Ann. § 13-5(a)-103;

B.   For judgment that Defendant has infringed Purple's Trade Dress in violation of the Lanham Act and the common law;

C.   For judgment that Defendant has infringed Purple's Registered Trademark in violation of 15 U.S.C. § 1114;

D.   An adjudication that Defendant's acts of trade dress infringement are willful;

E.   Orders of this Court preliminarily and permanently enjoining Defendant, its agents, servants, and any and all parties acting in concert with Defendant, from use of any trade dress, or to identify Defendant or its goods and services that is confusingly similar to any of Purple's trade dress;

F.   An accounting of Defendant's profits and an assessment of Purple's damages to compensate Purple for Defendant's infringement of Purple's Trade Dress;

G.   An award of the amount by which Defendant has been unjustly enriched by confused consumers who have purchased Defendant's products and services under the belief that they were purchasing Purple's products and services;

H.  An assessment of treble damages against Defendant due to the deliberate, willful, and knowing nature of its infringement of the Purple Trade Dress under 15 U.S.C. § 1117(b).

I.  An award to Purple of its reasonable attorneys' fees under 15 U.S.C. § 1117(b) and Utah Code Ann. § 13-5(a)-103.

J.  An award of punitive damages under Utah common law and Utah Code Ann. § 13-5(a)-103.

K.  A permanent injunction requiring Defendant, its agents, servants, and any and all parties acting in concert with Defendant, from directly or indirectly infringing in any manner Purple's Trade Dress and from unfair competition, including by ceasing all sales and offers for sale of the infringing goods.

L.  An award to Purple of its costs in this action plus interest on all monetary damages awarded.

M.  An adjudication that Defendant has infringed and continues to directly and indirectly infringe the Asserted Patent;

N.  An adjudication that Defendant's acts of patent infringement are willful;

O.  Orders of this Court preliminarily and permanently enjoining Defendant, its agents, servants, and any and all parties acting in concert with Defendant, from directly or indirectly infringing in any manner any of the claims of the Asserted Patent pursuant to at least 35 U.S.C. § 283;

P.  An award of damages adequate to compensate Purple for Defendant's infringement of the Asserted Patent in an amount to be proven at trial;

Q. A finding that this is an exceptional case and an award of Plaintiff's costs and attorney fees;

R. A trebling of the damage award to Plaintiff;

S. An assessment and award of pre- and post-judgment interest on all damages awarded; and

T. Any further relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all claims and all issues properly triable thereby.


Dated: July 2, 2018                     **TRASKBRITT, P.C.**


                                        By: _/s/ H. Dickson Burton_
                                        H. Dickson Burton
                                        Krista Weber Powell
                                        Bailey M. Ziegler
                                        230 South 500 East # 300
                                        Salt Lake City, Utah 84102
                                        Telephone: (801) 532-1922
                                        Facsimile: (801) 531-9168

                                        *Attorneys for Plaintiff,*
                                        *Purple Innovation, LLC*